UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. **11-10144-PBS** |
| | ) | |
| v. | ) | VIOLATION: |
| | ) | |
| TIMOTHY HAYCOCK AND CHASTITY HAYCOCK, | ) | 18 U.S.C. § 371 -- Conspiracy to Make False Statements During Purchase of Firearms |
| Defendants. | ) | |

INDICTMENT

COUNT ONE:   (18 U.S.C. § 371 - Conspiracy to Make False Statements During Purchase of Firearms)

The Grand Jury charges that:

1.  From in or before 2009, and continuing through in or after June, 2010, in New Hampshire, Vermont, and the District of Massachusetts,

**TIMOTHY HAYCOCK AND CHASTITY HAYCOCK,**

the defendants herein, did conspire with Shawn Anderson and others known and unknown to the grand jury to commit an offense against the United States, namely, in connection with the acquisition of a firearm from a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, to knowingly make a false and fictitious written statement to such dealer, which statement was intended and likely to deceive such dealer as to a fact material to the lawfulness of such sale of the firearm under Chapter 44 of Title 18, in violation of Title 18, United States Code, Section 922(a)(6).

## Object of the Conspiracy

2. The object of the conspiracy was for Shawn Anderson, a person prohibited by law from acquiring and possessing firearms, to obtain firearms through the use of straw purchasers and then distribute such firearms to others in the District of Massachusetts.

## Manner and Means of the Conspiracy

3. It was part of the conspiracy that Shawn Anderson would and did recruit straw purchasers, including the defendants, to purchase firearms for him from federally licensed firearms dealers in New Hampshire and Vermont, such as: L. L. Cote, Errol, New Hampshire; Village Gun Store, Inc., Whitefield, New Hampshire; and Parro's Gun Shop & Police Supply, Waterbury, VT.

4. It was further part of the conspiracy that Shawn Anderson would and did travel from Massachusetts to New Hampshire and Vermont, accompany the straw purchasers to the firearms dealers, and pick out the firearms he wanted them to purchase on his behalf, including but not limited to: Kel Tec, 9mm pistols, Ruger, Model P95, 9mm pistols, and Hi-Point, .380 caliber pistols.

5. It was further part of the conspiracy that the straw purchasers, including the defendants, would and did make false written statements on forms required to be submitted in connection with the purchase of a firearm from a federally

licensed firearms dealer, in that each such straw purchaser would and did falsely answer "yes" to the following question on ATF Form 4473, a document required by law to be completed and submitted in connection with the purchase of a firearm from a federally licensed firearms dealer: "Are you the actual transferee/buyer of the firearm(s) listed on this form? **Warning: You are not the actual buyer if you are acquiring the firearm(s) on behalf of another person.  If you are not the actual buyer, the dealer cannot transfer the firearm(s) to you.**"  This answer was false because, in truth and in fact, as each such straw purchaser knew, the straw purchaser was not the actual buyer within the meaning of this question because he or she was acquiring the firearm on behalf of Shawn Anderson.

6. It was further part of the conspiracy that, as the straw purchasers, including the defendants, knew, understood, and foresaw, Shawn Anderson would and did transport the firearms so acquired from a state which was not his residence, namely New Hampshire and Vermont, into the Commonwealth of Massachusetts, which was his residence, before selling the firearms in Massachusetts.

7. It was further part of the conspiracy that each straw purchaser, including the defendants, knew, understood, and foresaw that other straw purchasers who were part of the conspiracy would and did make similar purchases of firearms for

Shawn Anderson through the use of false statements as described above.

### Overt Acts in Furtherance of the Conspiracy

8. In furtherance of the conspiracy and to effect the object of the conspiracy, the following acts, among others, were committed in the District of Massachusetts:

a. On or about or before August 13, 2009, Shawn Anderson traveled from Massachusetts to New Hampshire to purchase a firearm through a straw purchaser who was a member of the conspiracy, and thereafter traveled back to Massachusetts with the firearm so purchased.

b. On or about or before September 11, 2009, Shawn Anderson traveled from Massachusetts to Vermont to purchase a firearm through a straw purchaser who was a member of the conspiracy, and thereafter traveled back to Massachusetts with the firearm so purchased.

c. On or about or before October 23, 2009, Shawn Anderson traveled from Massachusetts to New Hampshire to purchase a firearm through a straw purchaser who was a member of the conspiracy, and thereafter traveled back to Massachusetts with the firearm so purchased.

d. On or about or before November 4, 2009, Shawn Anderson traveled from Massachusetts to New Hampshire to purchase a firearm through a straw purchaser who was a member of the

conspiracy, and thereafter traveled back to Massachusetts with the firearm so purchased.

  e. On or about or before November 20, 2009, Shawn Anderson traveled from Massachusetts to New Hampshire to purchase a firearm through a straw purchaser who was a member of the conspiracy, and thereafter traveled back to Massachusetts with the firearm so purchased.

  f. On or about or before December 16, 2009, Shawn Anderson traveled from Massachusetts to New Hampshire to purchase a firearm through a straw purchaser who was a member of the conspiracy, and thereafter traveled back to Massachusetts with the firearm so purchased.

  g. On or about or before February 1, 2010, Shawn Anderson traveled from Massachusetts to New Hampshire to purchase a firearm through a straw purchaser who was a member of the conspiracy, and thereafter traveled back to Massachusetts with the firearm so purchased.

  h. On or about November 20, 2009, the defendant straw purchased one Kel Tec, Model PF9, 9mm pistol, bearing serial number RK677, from The Village Gun Store in Whitefield, New Hampshire, and thereafter provided the firearm to Shawn Anderson, who traveled back to Massachusetts with the firearm so purchased.

All in violation of Title 18, United States Code, Section 371.

A TRUE BILL

*[signature]*
FOREPERSON OF THE GRAND JURY

*[signatures]*
TAVARES M. BREWINGTON
GLENN A. MACKINLAY
ASSISTANT U.S. ATTORNEYS

DISTRICT OF MASSACHUSETTS                    March 31, 2011

Returned into the District Court by the Grand Jurors and filed.

*[signature]*
DEPUTY CLERK   at 3:55 PM